IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM M. SMITH, III,

        Plaintiff,

v.

HEATHER VILLANUEVA, et al.,

        Defendant.

No. CV04-1211-MO

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff William H. Smith filed this action alleging violation of his constitutional rights while housed at the Two Rivers Corrections Institution ("TRCI"). Specifically, plaintiff alleges constitutional violations surrounding TRCI's refusal to provide basic dental care and the fact that he was punished for being slow to sit up during TRCI's daily count, an action allegedly stemming from plaintiff's suffering from Hepatitis C ("HCV"). Before the court is defendants' unenumerated Rule 12(b) Motion to Dismiss for Failure to Exhaust Administrative Remedies. As set forth below, plaintiff failed to exhaust all administrative remedies for at least one of his claims. Further, the court adopts the "total exhaustion" requirement adopted by the Tenth, Eighth, and Sixth Circuits. Accordingly, defendants' motion to dismiss (#8) is GRANTED and this action is dismissed without prejudice.

I.    FACTS RELATING TO PLAINTIFF'S DENTAL TREATMENT

From March 2001 until September 2002, plaintiff sought treatment for a cavity that had progressed into the root. Following a brief period of release, plaintiff returned to ODOC custody in June of 2003, eventually arriving at TRCI. Plaintiff requested treatment for his tooth on July 24, 2003, and was told he would be "placed on the list." On September 2, 2003, plaintiff filed a grievance regarding TRCI's failure to fix his tooth. Defendant Villanueva, Health Services Manager at TRCI, responded, stating plaintiff was scheduled for an appointment. Plaintiff subsequently filed an appeal, from which defendant Herring, Health Services Administrator for Oregon Department of Corrections, responded echoing defendant Villanueva's initial response. Whether plaintiff filed a second level appeal is in dispute. Defendants point to the affidavit of Aleca Nelson, grievance coordinator at TRCI, that states plaintiff did not file a second level appeal. However, in his reply plaintiff contends he did file a second level appeal but it was returned to him unprocessed.

II.     FACTS RELATING TO PLAINTIFF'S HEPATITIS C SYMPTOMS

Plaintiff suffers from HCV and experiences episodic bouts of extreme fatigue. Since March 2004, plaintiff has been disciplined for being slow to sit up during the institution's 11:30 a.m. count. Plaintiff alleges he was suffering from HCV-related fatigue during these incidents. Plaintiff asked defendant Whelan, Health Services manager at TRCI, to inform security of his condition, but Whelan allegedly has not done so. Plaintiff filed a grievance regarding defendant Whelan's "unprofessional behavior" in communications with plaintiff. In the grievance plaintiff requested that medical services contact security regarding his HCV-related fatigue. This was the only grievance plaintiff filed regarding this issue.

III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES STANDARD

The Prison Litigation Reform Act amended 42 U.S.C. § 1997e to state, in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1977e(a).

Failure to exhaust administrative remedies is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), *cert. denied, Alameida v. Wyatt*, 540 U.S. 810 (2003). Such a defense should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. *Id.* at 1119. In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id*. at 1119-1120. The proper remedy if the court concludes that the prisoner did not exhaust all available administrative remedies is dismissal without prejudice. *Id.* at 1120. Exhaustion is required for all inmate suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). An inmate must exhaust regardless of the relief offered through the administrative process. *Booth v. Churner*, 532 U.S. 731, 741.

IV.  EXHAUSTION OF PLAINTIFF'S DENTAL-RELATED CLAIMS[1]

There are disputed issues of fact surrounding plaintiff's grievance appeal process. A district court may look beyond the pleadings and decide disputed issues of fact in evaluating a

---

[1] The only grievance plaintiff ever filed regarding his dental care was filed months before the majority of the facts alleged in the complaint occurred. As such, there is a valid argument that plaintiff did not exhaust all administrative remedies as to those occurrences. However, as the burden is on the defendant to raise and prove the absence of exhaustion (*Wyatt v. Terhune*, 315 F.3d at 1119) and defendants did not raise or prove this issue, it will not be addressed here.

motion to dismiss for failure to exhaust. *Wyatt v Terhune*, 315 f.3d at 1119-1120. Based on the affidavit of Aleca Nelson, defendants contend plaintiff did not file a second level appeal, thus failing to follow the available grievance process to completion. However, plaintiff asserts he did indeed file a second level appeal but the appeal was returned to him unprocessed. In support, plaintiff offers a memorandum informing plaintiff that his grievance form was being returned to him without processing because the incident/complaint had already been responded to in an earlier grievance. Further, plaintiff asserts in an affidavit that Ms. Nelson explained to him verbally that he had already been provided with a response and he was scheduled for an appointment. The memorandum itself raises some questions as it refers to a grievance response that went out to plaintiff on August 11th. Plaintiff's original grievance regarding dental care (and the only one Ms. Nelson claims to have received) was not filed until September 5, 2003. Given that the memorandum is not specific as to the nature of the rejected grievance, it stands that either Ms. Nelson was incorrect regarding the August 11th grievance response date or the memorandum refers to a grievance unrelated to plaintiff's dental care. Defendants had the opportunity to respond to this memorandum and plaintiff's conversation with Ms. Nelson regarding the grievance and perhaps provide more information, however, they chose simply to refer back to Ms. Nelson's conflicting affidavit. Without more information or clarification, defendants have failed to carry their burden of proof regarding plaintiff's failure to exhaust.

V. EXHAUSTION OF PLAINTIFF'S HEPATITIS C-RELATED CLAIMS

Plaintiff filed one mixed grievance regarding this issue, however, he did not appeal the grievance and thus failed to exhaust all available administrative remedies. Plaintiff contends because he was complaining about the punishment he was receiving, i.e. the misconduct reports,

there was no available appeal process. While plaintiff was punished for his inability to sit up during count, this is not the central issue of the complaint. It is the alleged failure of TRCI staff to accommodate plaintiff's medical condition that is central to the complaint, not the subsequent misconduct reports. The failure to accommodate can be addressed, and indeed was addressed, through the grievance process. The response plaintiff received could have been appealed and was not. Therefore, plaintiff failed to comply with 42 U.S.C. § 1997e(a) by failing to exhaust all administrative remedies.

VI. THE TOTAL EXHAUSTION REQUIREMENT

District courts in the Ninth Circuit are split regarding whether a plaintiff must exhaust all administrative remedies to all claims before proceeding with an action ("total exhaustion"). *Compare Cooper v. Garcia* 55 F. Supp.2d 1090, 1095 (S.D. Cal. 1999) (holding that a proper reading of the PLRA points to dismissing unexhausted claims and addressing the merits of exhausted claims) *and Blackmon v. Crawford*, 305 F. Supp.2d 1174, 1179 (D. Nev. 2004) (finding that the "total exhaustion" requirement does not coincide with the purpose of the PLRA) *with Mubarak v. California Dept. of Corrections*, 315 F. Supp.2d 1057 (S.D. Cal. 2004) ("total exhaustion" is supported by the plain language and furthers the PLRA's purpose of deterring meritless prisoner lawsuits). Four of the Circuit Courts of Appeals have ruled on the issue; the Tenth, Eighth, and Sixth circuits require total exhaustion, while the Second Circuit does not. *Graves v. Norris,* 218 F.3d 884, 885 (8th Cir. 2000), *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004), *Bey v. Johnson* 407 F.3d 801 (6th Cir. 2005), *Ortiz v. McBride* 380 F.3d 649 (2nd Cir. 2004). The Ninth Circuit has not addressed the issue.

This court agrees with the plain meaning rationale asserted by the Tenth Circuit in *Ross*,

finding that a total exhaustion requirement exists under 42 U.S.C. § 1997e(a). *Ross* 365 F.3d at 1189. The statute plainly prohibits an "action" (as opposed to a claim) from proceeding until all administrative remedies are exhausted. When the will of Congress "has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982). Accordingly, this court adopts the total exhaustion approach requiring exhaustion of all administrative remedies to all claims before an action is allowed to proceed.

VII. CONCLUSION

For the foregoing reasons, defendant's unenumerated Rule 12(b) Motion to Dismiss-Failure to Exhaust (#8) is GRANTED and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this  22nd   day of August, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN, United States District Judge